UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNIVERSITY OF WISCONSIN ) <br> HOSPITAL AND CLINICS AUTHORITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHWEST CATHOLIC HEALTH ) <br> NETWORK CORPORATION, ) <br> MYR GROUP WELFARE PLAN, and ) <br> PROFESSIONAL BENEFIT ) <br> ADMINISTRATORS, ) <br> ) <br> Defendants. ) | Case No. 3:14-CV-00780 |

**MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW**

Defendants, MYR Group, Inc. Health Plan ("the Plan") and Professional Benefit Administrators, Inc. ("PBA"), move to dismiss the Complaint filed by Plaintiff, University of Wisconsin Hospital and Clinics Authority ("the Hospital"), for failure to state a claim. In support of their motion, the Plan and PBA rely upon the arguments set forth below in their incorporated memorandum of law and the documents referenced and incorporated in the Complaint.

**INTRODUCTION**

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The Hospital provided medical goods and services to a patient who was covered under the Plan, which is a self-funded employee welfare benefit plan governed by ERISA. The Hospital submitted a claim to the Plan, and the Plan paid the Hospital the amount permitted under the terms of the Plan documents. The Hospital seeks additional benefits. Not only did the Hospital sue the Plan and its claims administrator, PBA, but it also

4827-9961-7312.1                                    1

sued Southwest Catholic Health Network Corporation, which has absolutely no involvement in the facts and circumstances from which the Hospital's claims arise.

Despite recognizing that the Plan is an ERISA employee welfare benefit plan, the Hospital asserts various state law theories to recover additional Plan benefits. All of the Hospital's state law claims relate to the Plan. In fact, the Hospital's claims are all based upon alleged obligations arising under the ERISA Plan documents. These state law claims are preempted by ERISA's broad preemption statute and must be dismissed.

The Hospital cannot state a claim by merely re-pleading under ERISA because the Hospital's ERISA claims are time-barred. The Plan contains a reasonable, enforceable contractual limitations period that permits plaintiffs ample time to file legal actions. Yet, the Hospital did not commence this action before the Plan's limitations period expired, so its claims must be dismissed. Finally, the Hospital's claims must be dismissed for the additional reason that venue is improper under the Plan's forum selection clause. The Hospital has not and cannot state a claim; thus, this case should be dismissed.

## FACTUAL ALLEGATIONS

The Hospital alleges that it provided medical treatment to a patient ("the Patient") on April 30, 2013, through May 1, 2013. (Complaint, at ¶ 9.) At that time, the Patient had health coverage through the Plan. (Complaint, at ¶ 7.) The Plan is an employee welfare benefit plan governed by ERISA. (Complaint, at ¶ 3.) A copy of the Plan document and summary plan description, which govern the health coverage provided by the Plan, were attached to the Notice of Removal. (Doc. No. 1-3, 1-4, & 1-5.) PBA was the Plan's third party administrator. (Complaint, at ¶ 5; Doc. No. 1-4, at p.80.)

After providing medical treatment to Mr. Daws, the Hospital submitted a claim for payment to PBA in the amount of $43,799.16. (Complaint, at ¶ 10.) The Plan, through PBA, paid $17,655.92 to the Hospital. (Complaint, at ¶¶ 11–12.) The remaining amount of $26,143.24 was denied by the Plan. (Complaint, at ¶¶ 13–14.)

The Hospital asserts that it is a third party beneficiary of the Plan. (Complaint, at ¶ 8.) The Hospital concedes that there is no other agreement between the Hospital and the Defendants that creates an obligation to pay for the medical services the Hospital provided to Mr. Daws. (Complaint, at ¶ 15.) The Hospital claims that the Plan documents obligate the Defendants to pay an additional $26,143.24 to the Hospital for the services provided to Mr. Daws. (Complaint, at ¶¶ 8, 14, 17, 20, 21, 26, 31–33, 35, 44.)

The Hospital filed an appeal of the partial denial with the Plan. (Complaint, at ¶ 16.) A copy of the appeal is attached hereto as Exhibit 1. The Plan denied the appeal and determined that no additional benefits were payable by the Plan. (Complaint, at ¶ 20.) A copy of the Plan's final denial of the appeal is attached hereto as Exhibit 2. The appeal denial was dated March 4, 2014, and received by the Hospital on March 7, 2014. (Exhibit 2.) The Plan provides any legal action "may not commence later than 180 days after the final decision regarding the claim under the Plan has been rendered." Additionally, any such legal action may be brought only in the United States District Court for the District of Colorado. (Doc. 1-4, at p.76.)

On September 30, 2014, the Hospital filed this action in state court asserting claims grounded in state law. Count I asserts a breach of contract implied in fact. (Complaint, at ¶¶ 22–26.) In Count I, the alleged duty to pay additional benefits is based on the obligation to pay benefits under the Plan. (Complaint, at ¶ 24.) The Hospital asserts the Defendants breached

their obligations to pay benefits under the Plan documents. (Complaint, at ¶ 26.)[1] In Count II, the Hospital asserts a quasi contract / unjust enrichment claim on the basis that Defendants are obligated to pay the benefits sought under the Plan documents. (Complaint, ¶¶ 27–33.) Count III asserts a breach of the implied covenant of good faith. (Complaint, at ¶¶ 34–40.) As the Hospital has not alleged the existence of any contract or agreement other than the Plan documents, Defendants can only surmise Plaintiff alleges this claim somehow springs from the Plan document. (Complaint, at ¶ 15.) Finally, in Count IV, the Hospital seeks interest under a state statute on the basis that the Defendants were obligated to pay the benefits sought under the Plan document, but failed to do so. (Complaint, at ¶¶ 41–46.)

## MOTION TO DISMISS STANDARD

A complaint must state "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, a complaint must set forth "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Legal conclusions couched in the form of factual allegations do not suffice. *Papasan v. Allan*, 478 U.S. 265, 286 (1986). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

---

[1] The Complaint specifically states that the Defendants breached their obligations under the "pricing agreement." (Complaint, at ¶ 26.) Since the Hospital concedes there was no written agreement other than the Plan documents and the Hospital does not plead the existence of any other relevant agreement, (Complaint, at ¶ 15), Defendants presume the "pricing agreement" means the Plan documents.

When deciding a motion to dismiss, the Court ordinarily considers only the pleadings; however, documents attached to a motion to dismiss are considered part of the pleadings if they are referenced in the complaint and central to the plaintiff's claims. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Here, the Plan documents (Doc. No. 1-3, 1-4, & 1-5), the appeal (Exhibit 1), and the appeal response (Exhibit 2) are part of the pleadings and must be considered by the Court on this motion to dismiss. The Plan documents are referenced in the Complaint (Complaint, at ¶¶ 7, 8, 17, 21, 24, 26, 33) and they are integral to Plaintiff's claims because any alleged duty to Plaintiff is based upon purported obligations established by the Plan documents. Similarly, the appeal and appeal response are referenced in the Complaint (Complaint, at ¶¶ 13, 16, 17, 21). Because a plaintiff cannot file a lawsuit to recover benefits under an ERISA plan unless it has exhausted its administrative remedies under the plan, *see, e.g.*, *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002), the appeal and appeal response are central to the Hospital's claims.

## ARGUMENT

I. **The Hospital's State Law Claims Are Conflict Preempted by ERISA Because All Claims Relate to the Plan, Which Is Governed by ERISA.**

ERISA's conflict preemption clause[2] provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C.

---

[2] ERISA contains two types of preemption: complete and conflict. *Rice v. Panchal*, 65 F.3d 637, 639–40 (7th Cir. 1995). Complete preemption, which is not at issue in this motion to dismiss, is a jurisdictional doctrine that gives federal district courts subject matter jurisdiction over claims that fall within the scope of ERISA's civil enforcement scheme, 29 U.S.C. § 1132(a). *Id.* at 640 Conflict preemption, on the other hand, is a substantive defense warranting dismissal of any state law claims that relate to an employee benefit plan. *Id.* Conflict preemption is the type of preemption at issue in this motion.

§ 1144(a).[3] State laws "relate to" an employee benefit plan if they have any connection with or reference to such plan. *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890 (1983). Conflict preemption "knocks out any effort to use state law, including state common law, to obtain benefits under [an ERISA] plan." *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 127 (7th Cir. 1992) (Posner, J.) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Common law causes of action based on the alleged improper processing of a claim for benefits under an employee benefit plan are "undoubtedly" preempted by ERISA. *Dedeaux*, 481 U.S. at 48. Thus, ERISA preempts any state law claims that require the court to interpret or apply the terms of an employee benefit plan. *Bowles v. Quantum Chemical Co.*, 266 F. 3d 622, 631 (7th Cir. 2001).

The Hospital's entire complaint is based on state law. Counts I, II, and III all assert common law claims based on the Defendants alleged failure to properly pay a claim for benefits under the Plan. Count IV seeks interest under a Wisconsin state law statute merely because the Defendants allegedly failed to timely pay all of the benefits due under the Plan. As these claims all depend upon the existence of an ERISA plan and require the Court to apply and interpret the Plan's terms and provisions, they all relate to an ERISA plan and are conflict preempted.

### A. The Hospital's Claim for Breach of Contract Implied in Fact Is Preempted by ERISA Because the Hospital Merely Seeks Benefits Allegedly Due Under the Plan.

---

[3] The express preemption statute contains a "savings clause," which is inapplicable here. The "savings clause" provides that ERISA "shall not be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). However, the "deemer clause" provides that an employee benefit plan is not deemed to be an insurer or engaged in the business of insurance. 29 U.S.C. § 1144(b)(2)(B). The net result is that state laws that regulate insurance are not applicable to self-insured ERISA plans. *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985). The Plan is a self funded ERISA employee welfare benefit plan. (Doc. No. 1-4, at p.80.)

Breach of contract claims based on an ERISA employee benefit plan are conflict preempted by ERISA.  *Rud v. Liberty Life Assurance Co.*, 438 F.3d 772, 777 (7th Cir. 2006).  In *Rud*, the plaintiff attempted to bring a claim as the third party beneficiary of an insurance contract.  *Id.*  Since the insurance contract constituted an ERISA plan, the claim related to an ERISA plan and was preempted.  *Id.*  ERISA preempts all state law causes of action arising out of the administration of an ERISA plan.  *New v. Verizon Commc'ns, Inc.*, 635 F. Supp. 2d 773, 782 (N.D. Ill. 2008) (holding that breach of contract implied in fact claim was preempted because it ultimately sought benefits under an ERISA plan).  The Seventh Circuit has routinely held that breach of contract claims are preempted by ERISA and must be dismissed.  *See Collins v. Ralston Purina Co.*, 147 F.3d 592 (7th Cir. 1998); *Tomczyk v. Blue Cross & Blue Shield of Wis.*, 951 F.2d 771, 777 (7th Cir. 1991).

The Hospital's breach of contract implied in fact claim is preempted by ERISA because it depends upon the existence of the Plan.  The Hospital asserts that it is entitled to benefits under the Plan because it treated a patient who was covered under the Plan.  (Complaint, at ¶¶ 24–25.)  As in *Rud*, the Hospital asserts it is a third party beneficiary under the Plan.  (Complaint, at ¶ 8.)  Finally, the Hospital alleges that it is entitled to recover under its state law cause of action because the Defendants "failed to make proper reimbursement" of the Hospital's claim for benefits, engaged in "abusive" and "unduly restrictive" claims handling practices.  (Complaint, at ¶ 26.)  From these allegations, it is clear that this state law cause of action is dependent upon the existence of the Plan.  *See Rud*, 438 F.3d at 777.  Moreover, this cause of action clearly arises out of the administration of the Plan.  *See New*, 635 F. Supp. 2d 773, 782.  The Court cannot determine whether Defendants breached any obligations under the Plan documents without interpreting and applying their terms.  *See Bowles*, 266 F. 3d at 631.

Count I is premised on the existence of an ERISA plan and asserts a right to recovery based on the alleged failure to properly pay benefits under the Plan.  As the Supreme Court observed 27 years ago, such claims are "undoubtedly" preempted.  *Dedeaux*, 481 U.S. at 48.  Accordingly, the Hospital's claim for breach of contract implied in fact must be dismissed.

> **B.   The Hospital's Quasi Contract and Unjust Enrichment Claim Is Defensively Preempted by ERISA Because It Relates to an Alleged Obligation to Pay Benefits under ERISA.**

Quasi-contract and unjust enrichment claims that ultimately seek recovery of benefits under an ERISA plan are also conflict preempted and must be dismissed. *Reliance Standard Ins. Co. v. Lyons*, 756 F. Supp. 2d 1013, 1029 (N.D. Ind. 2010) (holding state law claim for unjust enrichment to recover life insurance benefits under an ERISA plan is preempted); *Advanced Ambulatory Surgical Ctr., Inc. v. Cigna Healthcare of Ill.*, No. 13-C-7227, 2014 U.S. Dist. LEXIS 138722, at *5–6 (N. D. Ill. Sept. 30, 2014); *Griffin v. Humana Wis. Health Org. Ins. Corp.*, No. 98-C-0001, 2000 U.S. Dist. LEXIS 23113, *8–11 (E.D. Wis. June 26, 2000) (preempting a state law unjust enrichment claim against ERISA fiduciary).  In *Advanced Ambulatory*, a medical provider asserted a state law claim for unjust enrichment on the basis that the ERISA plan received a substantial benefit but refused to pay benefits under an ERISA plan. *Advanced Ambulatory*, 2014 U.S. Dist. LEXIS 138722, at *5.  The court held this claim was preempted because it merely re-cast a traditional challenge under ERISA as a state law claim. *Id.*

The Hospital's quasi contract claim for unjust enrichment is based on the Defendants' alleged obligation to pay benefits under the Plan. (Complaint, at ¶¶ 29–33.)  Like Count I, Count II is based on Defendants alleged failure "to make proper reimbursement of claims" and "abusive" and "unduly restrictive" "claims handling practices."   (Complaint, at ¶ 33.)  The

Hospital contends that Defendants, as the insurer of a patient who received treatment from the Hospital, have retained a benefit without paying the reasonable value. (Complaint, at ¶¶ 35–40.)[4] Just like the provider in *Advanced Ambulatory*, the Hospital merely re-casts a traditional claim for benefits under ERISA as a state law unjust enrichment claim. *See Advanced Ambulatory*, 2014 U.S. Dist. LEXIS 138722, at *5. Additionally, the unjust enrichment claim is clearly premised upon the existence of the Plan and arises out of allegedly improper administration of the Plan. ERISA preempts the unjust enrichment claim as the Hospital clearly seeks to recover benefits under the Plan through this cause of action. *See Rud*, 438 F.3d at 777; *New*, 635 F. Supp. 2d at 782.

### C. The Hospital's Claim for Breach of the Implied Covenant of Good Faith Is Defensively Preempted by ERISA Because It Relates the ERISA Plan.

The allegations set forth under Count III for breach of the implied covenant of good faith do not support such a cause of action. (*See* Complaint, at ¶¶ 35–40.) These allegations appear to relate to the unjust enrichment claim. Accordingly, they were analyzed in conjunction with the unjust enrichment claim. Not having pled any facts related to a breach of implied covenant of good faith claim, the Hospital clearly fails to state such a claim.

Even if the Hospital had pled any facts in support of Count III, the claim would be preempted by ERISA. Any purported implied covenant of good faith must allegedly arise under the Plan documents, as the Hospital concedes there was no contract between the Hospital and Defendants, (Complaint, at ¶ 15), and the Complaint does not mention any agreement or contract other than the Plan document. State law claims based on an implied covenant of good faith

---

[4] These allegations are set forth under Count III, which is entitled "Breach of Implied Covenant of Good Faith;" however, these allegations are analyzed here because they plainly relate to an unjust enrichment claim and have nothing to do with a claim for breach of any implied covenant of good faith.

attached to an ERISA plan are preempted by ERISA. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1136–37 (7th Cir. 1992); *Buehler, Ltd. v. Home Life Ins. Co.*, 722 F. Supp. 1554, 1561 (N.D. Ill. 1989). The Hospital's implied covenant of good faith claim is preempted.

> D. **The Claim for Interest under State Law Is Defensively Preempted by ERISA Because It Depends Upon an Alleged Obligation to Pay Benefits under the ERISA Plan.**

In Count IV, the Hospital seeks to recover interest under Wis. Stat. § 628.46 on the basis that Defendants failed to properly pay benefits under the Plan. (Complaint, at ¶¶ 42–46.) Because the Hospital has failed to state a claim for which relief may be granted for failure to properly pay benefits, the Hospital cannot be entitled to interest under state law. Assuming *arguendo* the Hospital had stated a claim, its state law claim for interest would be preempted by ERISA.

This Court has previously determined that Wis. Stat. § 628.46 falls within the scope of ERISA preemption. *Freeland v. Unum Life Ins. Co of Am.*, No. 11-CV-053-WMC, 2014 U.S. Dist. LEXIS 33615, at *20 (W.D. Wis. Mar. 12, 2014). This Court ultimately applied the statute to determine the <u>rate</u> of interest, not whether interest was appropriate, based on its conclusion that the interest statute was saved from preemption by the "savings clause." *Id.* at 21–22. The savings clause provides that state laws regulating insurance are not preempted. *Id.* at 22. In *Freeland*, the Court applied the interest statute to an insurance company. *Id.* Thus, the "deemer clause," which states that employee benefit plans shall not be deemed to be insurers for purposes of laws saved from preemption by the savings clause, was not implicated. As the Supreme Court has held, the deemer clause ensures that state laws regulating insurance, like Wis. Stat. 628.46, are preempted and not applied to self-funded ERISA plans:

> We read the deemer clause to exempt self-funded ERISA plans from state laws that "regulate insurance" within the meaning of the saving clause. By forbidding States to deem employee benefit plans "to be an insurance company or other insurer . . . or to be engaged in the business of insurance," the deemer clause relieves plans from state laws "purporting to regulate insurance." As a result, self-funded ERISA plans are exempt from state regulation insofar as that regulation "relate[s] to" the plans. State laws directed toward the plans are pre-empted because they relate to an employee benefit plan but are not "saved" because they do not regulate insurance. State laws that directly regulate insurance are "saved" but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws.

*FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990).

In this case, Wis. Stat. § 628.46 is preempted by ERISA and cannot be saved by the savings clause since the Plan is a self-funded ERISA plan. The key distinction between this case and *Freeland* is that Plan is a self-funded ERISA plan, whereas the defendant in *Freeland* was an insurance company. The Hospital's claim for interest under state law is preempted and must be dismissed.

## II.     The Hospital Cannot State A Claim for Relief under ERISA Because Any Such Claims Are Time-Barred by the Applicable Statute of Limitations.

While ERISA does not set forth a statutory limitations period, contractual limitations periods set forth in ERISA plan documents are enforceable so long as they are reasonable. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604 (2013). Long before the Supreme Court decided *Heimeshoff*, the Seventh Circuit had already decided to enforce reasonable contractual limitations periods established by ERISA plans. *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 875 (7th Cir. 1997). In *Doe*, the Seventh Circuit indicated that due to the nature of an ERISA claim for benefits, it would find very short limitations periods reasonable. *Id.* Observing that an ERISA suit for benefits necessarily follows an internal appeals process, the court equated an ERISA action for benefits to an action to set aside an

administrative decision or an appeal from a district court judgment. *Id.* The court noted that time allowed to bring such actions may be as short as 10 days or as long as 60 days. *Id.* Later, the Seventh Circuit indicated that a contractual limitations period would be unreasonable if it expired before the internal appeals process concluded. *Abena v. Metro. Life Ins. Co.*, 544 F.3d 880, 884 (7th Cir. 2008). In *Abena*, the court held that a contractual limitations period that allowed the plaintiff seven months after the internal appeals process to file suit was reasonable and enforceable. *Id.*

Several courts have held that contractual limitations periods of 180 days or less from the final denial of an administrative appeal are reasonable and enforceable. *See, e.g.*, *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1302 (11th Cir. 1998) (holding 90-day limitations period reasonable); *Burris v. Aurora Health Care Long Term Disability Plan*, No. 08-CV-322, 2009 U.S. Dist. LEXIS 23865, at *5 (E.D. Wis. Mar. 13, 2009) (holding 180-day limitations period reasonable); *Davidson v. Wal-Mart Assocs. Health & Welfare Plan*, 305 F. Supp. 2d 1059, 1074 (S.D. Iowa 2004) (holding 45-day limitations period reasonable).

The Hospital's claims to recover benefits are time-barred by the Plan's 180-day limitation period. The Plan provides that any legal action "may not commence later than 180 days after the final decision regarding the claim under the Plan has been rendered." (Doc. No. 1-4, at p.76.) The final decision regarding the claim under the Plan was rendered on March 4, 2014. (Exhibit 2.) The Hospital received a copy of the final decision on March 7, 2014. (Exhibit 2.) Yet, the Hospital did not file this action in state court until September 30, 2014. (Doc. 1-1, p.1.) Further, it has not served the Plan and only served PBA on October 14, 2014. (Doc. 1-2.) Thus, the

Hospital's action, which was not filed until 211 days after the Plan's final decision, was not commenced with the Plan's 180-day limitations period.

The Plan's 180-day limitations period is enforceable because it is reasonable. The Hospital had ample opportunity to file its action within the limitations period. *See Abena*, 544 F.3d at 884. The Hospital received the Plan's final decision just 3 days after it was rendered. (Exhibit 2.) In the written decision, the Hospital was notified—in bold print—of the limitations period: "**All claim review procedures have been exhausted. Any legal action for the recovery of benefits must be commenced within 180 days after the Plan's claim review and appeals procedures have been exhausted.**" (Exhibit 2.) Similar limitations periods have been upheld by other courts where, as here, the plaintiff had ample opportunity to bring its action within the limitations period. The Hospital cannot state an ERISA claim since it failed to commence its action within the Plan's limitations period.

### III. The Hospital's Claims Must Be Dismissed Because Venue Is Improper.

The Plan includes a forum selection clause that provides any legal action must be brought in the United States District Court for the District of Colorado. Forum selection clauses are presumptively valid and enforceable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). The Supreme Court has enforced forum selection clauses even when they were not the product of arms-length negotiation. *Carnival Cruise Lines v. Shute*, 499 U.S. 116, 125 (1974).

ERISA does not preclude venue selection clauses in ERISA plan documents. *Smith v. AEGON Cos. Pension Plan*, No. 13-5492, 2014 U.S. App. LEXIS 19668, at *17–23 (6th Cir. Oct. 14, 2014); *see also Bernikow v. Xerox Corp. Long-Term Disability Income Plan*, No. CV 06-2612, 2006 U.S. Dist. LEXIS 99263 (C.D. Cal. Aug. 25, 2006); *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149 (D.D.C. 2008); *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430 (S.D.N.Y.

4827-9961-7312.1

13

2007); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855 (N.D. Cal. 2010); *Rogal v. Skilstaf, Inc.*, 446 F. Supp. 2d 334 (E.D. Pa. 2006); *Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000 (D. Minn. 2006); *Smith v. Aegon USA, LLC*, 770 F. Supp. 2d 809 (W.D. Va. 2011); *Sneed v. Wellmark Blue Cross & Blue Shield of Iowa*, No. 1:07-CV-292, 2008 U.S. Dist. LEXIS 36382 (E.D. Tenn. Apr. 30, 2008); *Williams v. CIGNA Corp.*, No. 5:10-CV-00155, 2010 U.S. Dist. LEXIS 131686 (W.D. Ky. Dec. 13, 2010). *But see Coleman v. Supervalu, Inc. Short Term Disability Program*, 920 F. Supp. 2d 901 (N.D. Ill. 2013); *Nicolas v. MCI Health & Welfare Plan No. 501*, 453 F. Supp. 2d 972 (E.D. Tex. 2006).

The Plan's forum selection clause requires any legal action to be brought in the federal court in the district where the Plan is administered. Thus, the forum selection clause promotes ERISA's goals of providing ready access to federal courts and a uniform administrative scheme for employers. *See Smith*, 2014 U.S. App. LEXIS 19668, at *17–19. The Plan's forum selection clause is reasonable and enforceable. Accordingly, the Hospital's claims should be dismissed because this Court is not the proper venue.

## CONCLUSION

For the reasons set forth above, the Hospital's claims against the Plan and PBA should be dismissed with prejudice for failure to state a claim.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ Timothy J. Young
Timothy J. Young
WI Bar No.: 1014437
550 West Adams Street, Suite 300
Chicago, IL 60661
Telephone: 312.345.1718/Facsimile: 312.345.1778
Tim.Young@lewisbrisbois.com
*Attorney for Defendants MYR Group, Inc.*
*Health Plan and Professional Benefit Administrators, Inc.*
