IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNIVERSITY OF WISCONSIN
HOSPITAL AND CLINICS AUTHORITY,

|                          |                      |
|--------------------------|----------------------|
| Plaintiff,               | OPINION & ORDER      |
| v.                       | 14-cv-780-jdp        |

SOUTHWEST CATHOLIC HEALTH
NETWORK CORPORATION,
MYR GROUP WELFARE PLAN, and
PROFESSIONAL BENEFIT ADMINISTRATORS,[1]

Defendants.

---

Plaintiff University of Wisconsin Hospital and Clinics Authority (UW Hospital) initially brought this action in Wisconsin state court to recover payment for medical services it rendered to one of its patients. The patient, who is not a party to this case, was a participant in a healthcare plan governed by the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* UW Hospital submitted a claim to the plan for the full amount of the services it provided, but defendants—the plan and its administrator—determined that UW Hospital was entitled to less than half of the amount billed. UW Hospital sued to recover the unpaid balance. But rather than filing a claim under ERISA, UW Hospital's complaint stated alternative claims for breach of an implied contract, breach of a quasi-contract, unjust enrichment, and breach of the implied covenant of good faith; all state law claims. Defendants removed the case to this court under 28 U.S.C. §§ 1331 and 1441, invoking federal question jurisdiction. Defendants asserted that UW Hospital's state law claims were actually ERISA claims in disguise, and thus, this court has exclusive jurisdiction over the dispute.

---

[1] Defendant Southwest Catholic Health Network Corporation was voluntarily dismissed from this case on November 20, 2014. Dkt. 4.

Two motions are pending before the court. The first is defendants' motion to dismiss. Dkt. 5. Defendants contend that ERISA preempts UW Hospital's state law claims, and that amending the complaint would be futile because any claim under ERISA is time-barred. The second pending motion is UW Hospital's motion to remand. Dkt. 11. UW Hospital contends that, contrary to defendants' assertion, its complaint does *not* fall within the scope of ERISA, and so this court lacks subject matter jurisdiction. The court will deny UW Hospital's motion to remand and grant defendants' motion to dismiss.

ALLEGATIONS OF FACT

For purposes of deciding UW Hospital's motion to remand, the court draws the following facts from the complaint, defendants' notice of removal, and the supporting materials for the pending motions. *See Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003) ("The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."). The court resolves any doubts in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). For purposes of deciding defendants' motion to dismiss, the court draws facts from UW Hospital's complaint, but may also "consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (internal citations and quotation marks omitted). Any factual disputes are resolved in UW Hospital's favor. *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

In 2013, UW Hospital provided medical services to one of its patients, Bruce Daws. Mr. Daws participated in, and was insured under, defendant MYR Group Welfare Plan, which is governed by ERISA and administered by defendant Professional Benefit Administrators (PBA).

2

UW Hospital submitted a claim for $43,799.16, the total cost of the services it provided. PBA authorized payment of $17,655.92, but denied the rest of the claim, citing reductions based on Redbook's Average Wholesale Price, Physician's Fee Reference, and a formula that used the allowed amount under Medicare and certain unnamed "industry standards." Dkt. 5, ¶ 13. To date, $26,143.24 of UW Hospital's claim remains unpaid.

The plan at issue gives healthcare providers a right to administratively appeal a denial of benefits regardless of whether the plan participant has authorized them to do so, and UW Hospital appealed the denied portion of its claim using the plan's internal procedures. The appeal was unsuccessful. In a letter dated March 4, 2014, defendants informed UW Hospital of their adverse determination, and indicated that UW Hospital had 180 days to seek judicial review of the decision.

Two hundred eleven days later, on September 30, 2014, UW Hospital filed a complaint in the Wisconsin Circuit Court for Dane County. UW Hospital asserted three contract claims (in the alternative) against defendants and one claim for statutory interest. The complaint first alleged that "[t]he course of conduct between the parties gives rise to a contract implied in fact." Dkt. 1-1, ¶ 23. In the alternative, the complaint alleged that "the course of conduct, course of dealing, and communication between the parties give rise to a quasi-contract," *id.* ¶ 28, or that "[a] duty should be imposed on the Defendants to pay the reasonable value for the services [UW Hospital] performed on the Defendants' insured, Bruce Daws," *id.* ¶ 35.

Defendants timely removed the case to this court, and they have moved to dismiss UW Hospital's complaint for failure to state a claim upon which relief can be granted. Dkt. 5. UW Hospital opposed the motion and, on the same day, filed its own motion to remand this case to state court. Dkt. 11.

ANALYSIS

UW Hospital contends that remand is necessary because this case contains purely state law claims, and so the court lacks subject matter jurisdiction.[2] Defendants disagree, asserting that ERISA completely preempts UW Hospital's claims and provides the exclusive mechanism through which UW Hospital can seek relief. But defendants also assert that UW Hospital has waited too long to bring any claim under ERISA and that, accordingly, the case must be dismissed as time-barred. The court agrees with defendants: removal was proper and UW Hospital cannot state a claim upon which relief may be granted. Thus, UW Hospital's motion to remand will be denied, and defendants' motion to dismiss will be granted.

**A.  UW Hospital's motion to remand**

UW Hospital's claims are completely preempted by ERISA, and removal was therefore appropriate in this case.[3] ERISA's pre-emptive effect is broad, and "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). ERISA's "civil enforcement mechanism . . . 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Causes of action that fall under the scope of ERISA's civil

---

[2] Neither party asserts diversity jurisdiction. *See* 28 U.S.C. § 1332.

[3] The court notes that UW Hospital has previously tried, unsuccessfully, to dress ERISA claims in the clothing of state law contract actions. In *University of Wisconsin Hospital & Clinics, Inc. v. Aetna Life Insurance Company*, No. 13-cv-197 (W.D. Wis. filed March 26, 2013), UW Hospital initially brought nearly identical contract claims in Wisconsin state court against an ERISA-governed plan and its administrator. The defendants in that case removed to this court, and the parties stipulated to dismissing UW Hospital's state law contract claims because ERISA preempted them.

enforcement provision—as UW Hospital's claims do in this case—are therefore removable to federal court. *Id.*; *see also Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008) ("Artful pleading on the part of a plaintiff to disguise federal claims by cleverly dressing them in the clothing of state-law theories will not succeed in keeping the case in state court.").

The parties agree that a two-part test determines whether UW Hospital's claims "fall within the scope" of ERISA, and whether this court has subject matter jurisdiction. In *Davila*, the Supreme Court summarized the test, explaining that

> if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B).

542 U.S. at 210. Under *Davila*, this and other district courts first examine whether a plaintiff could have brought claims under ERISA, and then, if so, whether there is an independent legal duty implicated by the defendant's actions. *See, e.g.*, *Segerberg v. Pipe Fitters' Welfare Fund, Local 597*, 918 F. Supp. 2d 780, 784 (N.D. Ill. 2013); *Julka v. Standard Ins. Co.*, No. 09-cv-534, 2010 WL 376938, at *5 (W.D. Wis. Jan. 27, 2010). Under this test, UW Hospital's claims fall within the scope of ERISA.

UW Hospital could have brought its challenge to defendants' reductions under ERISA. ERISA provides that both a plan participant and his beneficiary can bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). As used in the statute, "[t]he term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a

benefit thereunder." *Id.* § 1002(8). The Seventh Circuit holds that patients can assign their right to benefits to their healthcare providers, who then become "beneficiaries" for purposes of ERISA. *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991).

The parties dispute whether Mr. Daws assigned his right to benefits to UW Hospital. *Compare* Dkt. 17, at 2 ("UWHC does not have an assignment from the patient."), *with* Dkt. 14, at 7 ("The Patient assigned his benefits under the Plan to UWHC."). Regardless, UW Hospital has conducted itself as a beneficiary up until now. For example, UW Hospital administratively appealed defendants' decision using a process outlined in the plan documents. Also, defendants paid benefits directly to UW Hospital, and under the plan's terms, "[p]ayment of benefits *which have been assigned* will be made directly to the assignee." Dkt. 1-4, at 91 (emphasis added). In its complaint, UW Hospital even identifies itself as "a third-party beneficiary of the contract of insurance between Defendants and Bruce Daws." Dkt. 1-1, ¶ 8. Even if UW Hospital has no formal written assignment, there is no reason why it could not have obtained one and then pursued its claims under ERISA. In short, UW Hospital's own submissions and past behavior indicate a belief that it has standing to enforce the terms of Mr. Daws's plan.

Assignment aside, UW Hospital could have brought its claims under ERISA because its right to additional compensation flows exclusively from Mr. Daws's participation in the plan. *See Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, 53 F.3d 172, 173-74 (7th Cir. 1995) ("A medical care provider who receives benefits from the fund at the behest of a participant is a beneficiary. . . . Hence, according to the terms of the statute, this dispute is between a fiduciary and a beneficiary; a relationship which is of primary concern under ERISA.") (internal citations omitted). As defendants succinctly state, "the Plan covered the Patient, UWHC treated the Patient, UWHC submitted a claim to the Plan, and the Plan

paid part and denied the remainder of that claim." Dkt. 14, at 6. UW Hospital now challenges defendants' partial denial of benefits, and ERISA governs this dispute.

UW Hospital contends that its "claims arise not from the plan or its terms, but from the breach of implied contract or a quasi-contract between" the parties. Dkt. 12, at 4. According to UW Hospital, these contract claims are independent of Mr. Daws's rights under the plan. But this argument is unpersuasive because UW Hospital has not alleged that it has a relationship with defendants outside the context of Mr. Daws's plan.

In fact, the very case upon which UW Hospital principally relies in its motion to remand, *Franciscan Skemp*, confirms that UW Hospital falls short of establishing the sort of "independent" claim that would be outside ERISA's preemptive scope. In *Franciscan Skemp*, a healthcare provider contacted an employee benefit plan to verify that the plan covered one of the provider's new patients. 538 F.3d at 596. The plan's representative orally assured the provider that the patient was covered. *Id.* When the provider submitted a claim, however, the plan refused to pay benefits because the patient had failed to pay COBRA premiums and her benefits had been retroactively cancelled—a possibility that the plan's representative had not mentioned. *Id.* The provider sued in state court for negligent misrepresentation and estoppel, but after the defendant removed, the district court held that ERISA preempted the claims. *Id.* The Seventh Circuit reversed, holding that ERISA did not preempt the provider's claims, and that removal was improper. *Id.* at 601.

Unlike the provider in *Franciscan Skemp*, however, UW Hospital's complaint does not allege any interaction with defendants outside the context of Mr. Daws's plan that would give rise to a non-ERISA claim. UW Hospital alludes to a "course of conduct" between the parties, Dkt. 1-1, ¶ 18, and to "communication between the parties [that] gives rise to a quasi-contract," *id.* ¶ 19, but does not elaborate on how its claims arise from these purported relationships. This

case is a challenge to whether defendants properly reduced UW Hospital's claim for benefits. Adjudicating this dispute necessarily requires evaluating whether the plan permitted defendants to do so. Thus, UW Hospital could have brought its case under ERISA.

Under the second prong of *Davila*, UW Hospital has not alleged any conduct by defendants that would give rise to or violate a legal duty independent of ERISA. UW Hospital again relies on *Franciscan Skemp* and contends that its claims "derive from duties imposed apart from ERISA and/or the plan terms." Dkt. 12, at 4-5. But UW Hospital does not identify what those duties are, or how they arose outside the context of Mr. Daws's ERISA-governed plan. The reason that UW Hospital brought suit is because defendants reduced the hospital's claim for benefits, purporting to rely on the terms of the plan. Had defendants simply paid UW Hospital's claim in full, there would be no case.

Contrary to UW Hospital's suggestion, *Franciscan Skemp* does not require remand. Quite the opposite; the case defines the types of state law claims that do not fall under ERISA's preemptive reach, and confirms that UW Hospital's complaint does not satisfy that definition. *See also Julka*, 2010 WL 376938, at *5 ("Defendant's potential liability under plaintiff's breach of contract, bad faith and estoppel theories arises entirely from the particular rights and obligations established by the group policy. It is irrelevant that the state cause of action may require proof of additional elements or may authorize remedies beyond those authorized by ERISA. . . . Plaintiff's state law claims seek to rectify only a wrongful denial of benefits promised under an ERISA-regulated plan and do not attempt to remedy any violation of a legal duty independent of ERISA.") (internal citations omitted).

Under *Davila*, UW Hospital's state law contract claims are "within the scope" of ERISA. Those claims are therefore completely preempted and defendants' removal was proper. The court will deny UW Hospital's motion to remand. Pursuant to 28 U.S.C. § 1447(c), UW

8

Hospital included a request for attorney fees incurred as a result of improper removal. Dkt. 11, at 1. Because removal was proper, the court will deny UW Hospital's request.

## B. Defendants' motion to dismiss

Defendants move to dismiss UW Hospital's claims on two grounds. First, defendants contend that any ERISA claim that UW Hospital has is time-barred by the plan documents. Second, defendants observe that the plan documents contain a forum selection clause, and so this case must be tried in the United States District Court for the District of Colorado. UW Hospital responded to defendants' motion by repeating its arguments in support of remanding this case. Dkt. 10. These arguments are not relevant to defendants' motion, and UW Hospital has failed to address either of the two grounds that defendants offered in support of dismissal. Because the plan's limitations period appears to be reasonable, and because UW Hospital effectively leaves defendants' motion unopposed, the court will dismiss this case.

The Seventh Circuit has consistently held that a court does not necessarily have to dismiss a complaint, or require amendment, simply because the plaintiff's state law claims fall within ERISA's preemptive reach. *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 428 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077 (7th Cir. 1992). Instead, a court confronted with a motion to dismiss such a complaint must determine "whether relief [is] possible based on any legal theory—ERISA included—under any set of facts that could be established consistent with the allegations." *McDonald*, 425 F.3d at 428; *Segerberg*, 918 F. Supp. 2d at 787 ("[E]ven though ERISA preempts the *state*-law version of tortious interference, the Court must determine whether *ERISA* itself permits the [plaintiffs] to bring an ERISA-based tortious interference claim.") (original emphasis). Here, relief is not possible because UW Hospital waited too long to seek judicial review of defendants' reduction in benefits.

9

Defendants' reliance on the plan's limitations provision is an affirmative defense. Under Federal Rule of Civil Procedure 12(b)(6), the presence of an affirmative defense is not usually an adequate ground for dismissal because plaintiffs do not need to anticipate and plead around possible defenses when drafting their complaints. *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). But dismissal may be "appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *see also Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").[4] Here, UW Hospital's complaint and the supporting materials affirmatively establish that this action is untimely, and likely in the wrong court.

Mr. Daws's plan provides a 180-day window in which to seek judicial review of an adverse decision regarding benefits. Dkt. 1-4, at 76. Defendants reminded UW Hospital of this timeline in a letter that provided notice of their adverse determination. Dkt. 5-1, at 6. The letter from defendants is dated March 4, 2014, and defendants contend that UW Hospital received the letter three days later. UW Hospital filed its state court complaint on September 30, 2014, which was 211 days after defendants' final denial of the administrative appeal.

Congress did not create a statutory limitations period for would-be plaintiffs seeking judicial review under ERISA, but courts "must give effect to [a plan]'s limitations provision unless . . . the period is unreasonably short, or . . . a 'controlling statute' prevents the limitations

---

[4] The court notes that even when an affirmative defense is clear from the pleadings and supporting materials, the proper provision under which to resolve the case is Rule 12(c). *Brownmark Films, LLC*, 682 F.3d at 690 n.1.

provision from taking effect." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 612 (2013) (internal citations omitted). Neither party directs the court to a "controlling statute," and another federal court in Wisconsin has already held that "a contractual limitation requiring an ERISA suit to be commenced within 180 days from a final review notice is reasonable and thus enforceable." *Burris v. Aurora Health Care Long Term Disability Plan*, No. 08-cv-322, 2009 WL 675607, at *1 (E.D. Wis. Mar. 13, 2009). Indeed, the Seventh Circuit suggests that a shorter period would also be reasonable because "[a] suit under ERISA, following as it does upon the completion of an ERISA-required internal appeals process, is the equivalent of a suit to set aside an administrative decision, and ordinarily no more than 30 or 60 days is allowed within which to file such a suit." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997). UW Hospital does not contend that the limitations period is too short or argue that it does not apply in this case. And the court finds nothing unreasonable in expecting plaintiffs to pursue ERISA actions within six months of an adverse decision. Any claim that UW Hospital could assert under ERISA is therefore time-barred, and this case must be dismissed.

Because UW Hospital's claim is untimely, there is no need to reach the question of whether the plan's forum selection clause requires dismissal.

ORDER

IT IS ORDERED that:

1. Plaintiff University of Wisconsin Hospital and Clinics Authority's motion to remand, Dkt. 11, is DENIED.

2. Defendants MYR Group Welfare Plan, and Professional Benefit Administrators's motion to dismiss, Dkt. 5, is GRANTED. This case is dismissed with prejudice.

3.  The clerk of court is directed to enter judgment accordingly and close this case.

Entered January 28, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge